UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MEGAN MCDONALD,<br>    Petitioner,<br><br>v.<br><br>ACTING WARDEN J. SAGE,[1]<br>    Respondent. | No. 3:20-cv-1737 (SRU) |

### ORDER ON MOTION TO DISMISS

Petitioner Megan McDonald, proceeding *pro se*, brings the above-captioned habeas corpus petition pursuant to 28 U.S.C. § 2241, seeking access to TRULINCS, an electronic messaging service for inmates. *See* Pet., ECF No. 1. For the reasons set forth below, I deny McDonald's petition.

I.   **BACKGROUND AND PROCEDURAL HISTORY**

*Background*

McDonald was charged in the Western District of New York with several sex crimes, including two counts of Production of Child Pornography in violation of 18 U.S.C. §§ 2251(a), (e); two counts of Distribution of Child Pornography in violation of 18 U.S.C. § 2252A(a)(2)(A); and one count of Possession of Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). *See United States v. McDonald*, No. 6:16-cr-6003 (W.D.N.Y). Shortly thereafter, McDonald pled guilty to all counts and was sentenced to fifteen years. *Id.* At all relevant times, McDonald has been confined at the Federal Correctional Institution in Danbury, Connecticut ("FCI Danbury").

*Procedural History*

---

[1] Under Federal Rule of Civil Procedure 25(d), Acting Warden Sage is substituted as the appropriate Respondent in this matter. I direct the clerk to correct the docket to reflect that Warden Sage is now the Respondent in this matter.

On November 18, 2020, McDonald filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging her lack of access to TRULINCS, the prison's electronic messaging service, due to her status as a sex offender and her conviction for production of child pornography. *See* Pet., ECF No. 1. I issued an order to show cause on January 22, 2021. *See* Show Cause Order, ECF No. 9. Respondent filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), arguing that McDonald has failed to exhaust her available administrative remedies as required under the Prison Litigation Reform Act, 42 U.S.C. § 1997e ("PLRA"). Mot. to Dismiss, ECF No. 13-1, at 5. McDonald filed an opposition to Respondent's motion to dismiss, *see* Resp. to Mot. to Dismiss, ECF No. 14, to which Respondent filed a reply. *See* Reply, ECF No. 15. For the reasons that follow, I conclude that Respondent's motion to dismiss must be granted, because McDonald has not exhausted her available administrative remedies prior to filing her petition under 28 U.S.C. § 2241.

Before proceeding to the merits, I begin by addressing two threshold procedural matters. First, McDonald is challenging her access, or lack thereof, to TRULINCS under section 2241. In essence, then, McDonald attacks a condition of her confinement, as opposed to her underlying sentence. Although that distinction would be dispositive in other circuits, the Second Circuit has not drawn that line. Rather, the Second Circuit has repeatedly held that section 2241 is the proper vehicle for prisoners seeking to challenge conditions of their confinement. *See Kingsley v. Bureau of Prisons*, 937 F.2d 26, 30 n.5 (2d Cir. 1991) (explaining that a federal prisoner's habeas petition seeking to "vacate, set aside, or correct the initial sentence" is properly brought under 28 U.S.C. § 2255, and "challenges to the length, appropriateness or conditions of confinement are properly brought under 28 U.S.C. § 2241"); *see also*, *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001).

Second, Respondent contends that section 2241's exhaustion requirement is jurisdictional. Whether that position is correct is an open question. *See Martinez-Brooks v. Easter*, 459 F. Supp. 3d 411, 436 n.18 (D. Conn. 2020) (noting that "[i]t is debatable whether the exhaustion requirement for a [s]ection 2241 habeas petition should be treated as a 'jurisdictional' issue rather than as an affirmative defense"). Absent any binding precedent to the contrary, I conclude that the exhaustion requirement for a section 2241 petition is discretionary rather than jurisdictional because it is "judge-made, rather than statutory, and is subject to various exceptions." *Id., see Wilkes v. Lamont*, 511 F. Supp. 3d 156, 167 (D. Conn. 2020) (noting that unlike section 2254 petitions, "petitions filed under section 2241 are nevertheless subject to a judicially created discretionary exhaustion requirement").[2] Thus, I consider exhaustion to raise an affirmative defense and will treat Respondent's motion to dismiss under the Rule 12(b)(6) standard for failure to state a claim.

## II.    STANDARD OF REVIEW

A court "reviews a motion to dismiss a habeas petition according to the same principles as a motion to dismiss a civil complaint under Fed. R. Civ. P. 12(b)(6)." *Spiegelmann v. Erfe*, No. 3:17-CV-2069 (VLB), 2018 WL 1582549, at *1 (D. Conn. Mar. 29, 2018).

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) is designed "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Ryder Energy Distrib. Corp. v. Merrill Lynch Commodities, Inc.*, 748 F.2d 774, 779 (2d Cir. 1984) (quoting *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir. 1980)). When deciding a motion to dismiss pursuant to Rule 12(b)(6), the court

---

[2]    *See, e.g., Morgan v. Watson*, 2021 WL 2722704, at *2 (D. Conn. July 1, 2021) (noting that under the PLRA, failure to exhaust is affirmative defense and not jurisdictional); *Herbert v. Smith*, 2021 WL 3292263, at *3 n.3 (S.D.N.Y. Aug. 2, 2021) (observing that the motion to dismiss under Rule 12(b)(1) was not appropriate because affirmative defense of exhaustion is not jurisdictional).

must accept the material facts alleged in the complaint as true, draw all reasonable inferences in favor of the plaintiffs, and decide whether it is plausible that plaintiffs have a valid claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007); *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996).[3]

Under *Twombly*, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and assert a cause of action with enough heft to show entitlement to relief and "enough facts to state a claim to relief that is plausible on its face." 550 U.S. at 555, 570; *see also Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). The plausibility standard set forth in *Twombly* and *Iqbal* obligates the plaintiff to "provide the grounds of his entitlement to relief" through more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (cleaned up). Plausibility at the pleading stage is nonetheless distinct from probability, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the claims] is improbable, and … recovery is very remote and unlikely." *Id.* at 556 (cleaned up).

Because McDonald filed her petition *pro se*, I must construe her filings "liberally" and interpret them "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994) (explaining that *pro se* litigants should be afforded "special solicitude" because they are not represented by counsel).

### III.  DISCUSSION

---

[3] In deciding a motion to dismiss, I may also consider documents attached to the complaint, documents incorporated by reference therein, documents relied on in bringing the action which were in petitioner's possession or of which petitioner had knowledge, and matters of which judicial notice may be taken. S*ee Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152–53 (2d Cir. 2002).

*Exhaustion Requirement*

Federal prisoners are required to exhaust administrative remedies before seeking habeas relief pursuant to 28 U.S.C. § 2241. *See Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 634 (2d Cir. 2001). Failure to do so "results in a procedural default, which bars judicial review unless the petitioner persuades the Court that the failure to exhaust should be excused." *Rosenthal v. Killian*, 667 F. Supp. 2d 364, 366 (S.D.N.Y. 2009) (citing *Carmona*, 243 F.3d at 634).

To exhaust administrative remedies, federal inmates must comply with the BOP's Administrative Remedy Program, a four-step process for inmates who "seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). An inmate must first attempt to resolve the issue informally with prison staff. *Id.* § 542.13. If the issue is not resolved, the inmate may then submit a Request for Administrative Remedy (a BP-9 form) to the Warden. *Id.* § 542.14. An inmate who is dissatisfied with the Warden's response may appeal to the appropriate BOP Regional Director using a BP-10 form. *Id.* § 542.15(a). If the inmate is still dissatisfied, he or she may appeal to the General Counsel in the Central Office using a BP-11 form. *Id.* The Warden is required to respond within 20 days, the Regional Director within 30 days, and the General Counsel within 40 days. *Id.* § 542.18. If the inmate does not receive a response within the times allotted for reply, the inmate may consider the absence of a response to be a denial and may proceed to the next step of the process. *Id.*

*Petitioner's Administrative Requests*

McDonald and Respondent have submitted materials showing that McDonald filed three administrative remedy requests seeking access to TRULINC's electronic messaging and chat features during her confinement at FCI Danbury. *See* Pet., ECF No. 1, at 19-31; Resp.'s Ex. A

5

(hereinafter "Magnusson Decl."), ECF No. 13-2, at ¶ 1–11; Magnusson Decl. Ex. A. (hereinafter "SENTRY[4] Administrative Remedy History"), ECF No. 13-2.

McDonald's first request, dated May 15, 2019, was denied by the FCI Danbury Warden on July 29, 2019. *See* Pet., ECF No. 1, at 20–21. McDonald appealed to the BOP's Northeast Regional Office ("NERO"), but it was rejected for failure to submit her prior institutional filing with her appeal. SENTRY Administrative Remedy History, ECF No. 13-2, at 2. After McDonald resubmitted her appeal with the proper supporting documentation, her appeal to NERO was denied on October 9, 2019. *See* Magnusson Decl., ECF No. 13-2, at ¶ 8; SENTRY Administrative Remedy History, ECF No. 13-2, at 3. McDonald stopped there. *See* SENTRY Administrative Remedy History, ECF No. 13-2, at 3.

McDonald's second request, dated March 27, 2020, was denied by the FCI Danbury Warden on June 12, 2020. *See* Pet., ECF No. 1, at 30; Magnusson's Decl., ECF No. 13-2, at ¶ 9; SENTRY Administrative Remedy History, ECF No. 13-2, at 3. The SENTRY Administrative Remedy History reflects no "R" or "A" after the request number, which indicates that McDonald did not appeal the Warden's denial to NERO or the Office of the General Counsel. *See* SENTRY Administrative Remedy History, ECF No. 13-2, at 3.

McDonald's final request, dated June 30, 2020, was processed as a direct appeal to NERO.[5] On August 17, 2020, that filing was rejected because McDonald failed to initiate the

---

[4] SENTRY is the BOP's computerized data base. *See* Magnusson Decl., ECF No. 13-2, at ¶ 2. Administrative remedy submissions in SENTRY are identified first by a remedy request number that is followed by an alphabetic designation showing whether the remedy was received by the local correctional facility (denoted by a letter "F"), Regional Office (denoted by a letter "R"), or Office of General Counsel (denoted by the letter "A"); and then a number showing how many times a particular request had been received at that level. *Id.* at ¶ 6.

[5] In McDonald's Opposition, she contends this request was processed incorrectly because she appealed to the Warden first. *See* Resp. to Mot. to Dismiss, ECF No. 14, at 2.

grievance process at the institutional level. Magnusson Decl., ECF No. 13-2, at ¶ 10; SENTRY Administrative Remedy History, ECF 13-2, at 4.

*Petitioner's Failure to Exhaust*

None of McDonald's requests satisfy the four-step administrative process. And McDonald does not dispute that point. *See* Resp. to Mot. to Dismiss, ECF No. 14, at 1. Instead, she argues that I should excuse her default because she was made to "jump through hoops" without recourse due to the mishandling of her administrative remedies. *Id.* at 2. Specifically, she maintains that the Warden and NERO violated the administrative remedy procedures by issuing untimely responses to her second request to the Warden and her timely appeal of that denial. *Id.* at 1–2. She argues further that NERO rejected her third request on "glaringly erroneous ground[s]." *Id.* at 2. That request was denied for McDonald's failure to initiate the grievance process at the institutional level first. But it is McDonald's position that she did comply with that requirement because the BP-10 form "clearly state[d]" that she was appealing the Warden's denial. *Id.* at 2. Both of those arguments, however, ignore the language of 28 C.F.R. § 542.18 (also attached to her opposition), which states that an "inmate may consider the absence of a response to be a denial at that level." Thus, McDonald could have availed herself of the remedy process by filing an appeal to each of the next two levels after she failed to receive a timely response on her second request. Similarly, McDonald's BOP administrative remedies remained available after NERO rejected her third request as premature.

McDonald makes no claim that she followed all the steps to exhaust her BOP administrative remedies by filing an appeal to the BOP General Counsel, and the attachments to her petition fail to show that she did so. Respondent's materials substantiate McDonald's failure to file an appeal to the BOP General Counsel, and no facts suggest that I should make an

7

exception to the requirement that McDonald exhaust her BOP administrative remedies due to futility, incapability, or undue prejudice. Accordingly, it is clear on the face of the petition that the instant section 2241 petition must be dismissed without prejudice for failure to exhaust BOP remedies.

### IV.    CONCLUSION

For the foregoing reasons, Respondent's motion to dismiss (ECF No. 13) is **GRANTED**. Accordingly, McDonald's habeas petition is **DISMISSED** without prejudice.  The clerk is instructed to close this case.

So ordered.

Dated at Bridgeport, Connecticut, this 18th day of February 2022.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge